28250
xxxx8450

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO: 11-02955 BKT |
|---|---|
| **José Serrano Santiago**<br>**Mildred Spurlin** | CHAPTER: 13 |
| **Debtors** | |

**MOTION IN OBJECTION TO CONFIRMATION**

**TO THE HONORABLE COURT:**

COMES now movant, **Banco Popular de Puerto Rico,** hereinafter referred to as "BPPR", by the undersigned attorney, and very respectfully alleges and prays:

1. José Serrano Santiago and Mildred Spurlin hereinafter will be referred to as **"the debtors"**.

2. BPPR, is the holder in due course of a mortgage note in the principal sum of $158,400.00, bearing interest at 7.00%, per annum ("the note"). The indebtedness evidenced by the note is secured by a mortgage executed before the notary public Vanessa López Ortiz on October 31st, 2006, deed number 917 ("the mortgage").

3. The debtors have incurred in pre-petition arrears with BPPR in the amount of $1,734.60. However, debtor's proposed payment plan dated July 7th, 2011, makes no provision as to how BPPR's pre-petition claim will be paid.

4. BPPR respectfully requests from this Honorable Court to enter an order denying the confirmation of the proposed plan because it fails to provide for the payment of the arrears included in BPPR's secured claim as mandated by section 1325 of the Bankruptcy Code.

5. The pertinent excerpt of Section 1325 states that:

(a) Except as provided in subsection (b), the court shall confirm a plan if –
    (1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
    (2) ...
    (3) ...
    (4) ...
    (5) with respect to each allowed secured claim provided for by the plan –
        (A) the holder of such claim has accepted the plan;
        (B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and
            (ii) the value as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
            (iii) the debtor surrenders the property securing such claim to such holder

6. The debtors' payment plan makes no provision as to how BPPR's pre-petition claim will be paid and as such it fails to comply with section 1325 (a) (5) above cited.

**WHEREFORE**, for the reasons herein stated BPPR objects the plan and respectfully prays that its confirmation be denied with such further relief that is proper.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that this 22 day of September 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: ***the Trustee, Alejandro Oliveras Rivera*** and ***to the debtors' attorney, Carlos Rodriguez Quesada.*** I hereby certify that I have mailed by United States Postal Service a copy of this motion to the following non CM/ECF participants: ***NONE.***

**Martínez & Torres Law Offices**
P.O. Box 192938 San Juan, PR 00919-2938
Tel. (787) 767-8244 & Fax (787) 767-1183

*s/ Tania M. Vázquez Maldonado*
By:   Tania M. Vázquez Maldonado
          USDC -PR 227810
**tvazquez@martineztorreslaw.com**

Vanessa M Torres Quiñones
USDC -PR 217401
**vtorres@martineztorreslaw.com**